# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LOUIS CONTI, individually and on Behalf of all others similarly situated,**

        Plaintiff,

        -vs-                           Case No. 15-C-1489

**MESSERLI & KRAMER, P.A.,**

        Defendant.

## DECISION AND ORDER

This is a putative class action under the Fair Debt Collection Practice Act. The plaintiff, Louis Conti, moves to strike certain affirmative defenses raised by the defendant, Messerli & Kramer, P.A..

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they often serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1924 (7th Cir. 1989). On the other hand, a motion to strike can expedite, not delay, when it removes unnecessary clutter from the case. *Id.*

Conti moves to strike seven paragraphs. Messerli concedes that two of those paragraphs should be stricken. The Court will address the

remaining five paragraphs in turn.

> **22. Defendant's procedure is to afford consumers more protection than afforded by the FDCPA. Specifically, although the FDCPA requires a debt collector to validate a debt if it receives a request for validation in writing, Defendant accepts oral requests for validation. According[ly], Defendant modified its g Notice to conform to its consumer-friendly approach.**

Conti argues that this allegation is not relevant to liability because Messerli's debt collection letters failed to inform the consumer that in order to invoke his or her verification rights, the consumer must dispute the debt in writing. 15 U.S.C. § 1692g(a)(4). However, the fact that Messerli accepts oral requests for validation may be relevant to the computation of statutory damages. §§ 1692k(b)(1), (2) (relevant factors include "the frequency and persistence of noncompliance by the debt collector" and "the nature of such noncompliance"). Therefore, the Court does not agree that the allegation is immaterial.

> **23. Plaintiff failed to state a claim upon which relief can be granted because it does not allege that letters were actually received, or that the violation was material by impacting the consumers' ability to make a decision.**

First, Conti obviously received the letter at issue because he attached it as an exhibit to his complaint. Second, there is no materiality

- 2 -

requirement for a claim under § 1692g. *Janetos v. Fulton Friedman & Gullace, LLP*, --- F.3d ----, 2016 WL 1382174, at *5 (7th Cir. Apr. 7, 2016) ("for good reason, we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1962g(a)"). Therefore, the Court agrees that this allegation should be stricken.

> **24. The purported class cannot be certified because Plaintiff fails to assert that the class would exclude potential class members who received the letter and actually requested validation in writing, class members that filed bankruptcy, or who have otherwise released claims in exchange for valuable consideration.**

The Court agrees that class certification is best addressed after discovery in the context of a motion under Federal Rule of Civil Procedure 23. However, the Court sees no harm in leaving this allegation intact. The parties can address issues relevant to class certification during the course of discovery.

> **26. Plaintiff's claims are barred as a result of failure to mitigate damages because Plaintiff did not request validation of the debt.**
>
> **27. Plaintiff has not incurred any actual damages causally connected to Defendant's actions or inactions herein.**

Conti argues that these allegations are irrelevant because his own conduct is not relevant to the calculation of statutory damages. Conti

- 3 -

ignores the fact that he also brought a claim for actual damages. § 1692k(a)(1). Mitigation may be relevant to that aspect of his claim. *See, e.g., Dibb v. Allianceone Receivables Mgmt., Inc.*, Case No. 14-5835 RJB, 2015 WL 8970778, at *9 (W.D. Wash. Dec. 16, 2015).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Conti's motion to strike [ECF No. 8] is **GRANTED-IN-PART** and **DENIED-IN-PART**.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**